IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2017 Session

## TRESSIE G. SMITH v. MICHAEL LEE SMITH

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 13-D-744     W. Neil Thomas, III, Judge**

_____

### No. E2017-00515-COA-R3-CV

_____

This appeal involves an unnecessarily lengthy and convoluted divorce proceeding. The appellant-wife argues that the trial court failed to properly classify and divide the parties' marital property. Due to the lack of factual findings regarding the basis for the trial court's marital property distribution, we vacate that portion of the judgment and remand the issue to the trial court for entry of appropriate findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in part, and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Jacqueline Strong Moss, Chattanooga, Tennessee, for the appellant, Tressie G. Smith.

Curtis Lee Bowe, III, Chattanooga, Tennessee, for the appellee, Michael Lee Smith.

### OPINION

### I. FACTS & PROCEDURAL HISTORY

Michael Smith ("Husband") and Tressie Smith ("Wife") married when Husband was 42 and Wife was 28. This was the second marriage for both parties. Wife was a stay-at-home mother throughout the marriage, while Husband worked outside the home. After twenty years of marriage, Husband moved out of the parties' marital home, and Wife remained in the home with the parties' adult son. Wife filed a complaint for divorce in April 2013, and Husband filed a counter-complaint for divorce. Both parties sought a division of their marital property, and Wife sought alimony. Despite the fact that the parties had relatively few assets to be divided, the litigation continued for

approximately four years, with Wife having five different attorneys during that time and Husband having two different attorneys.

Beginning in May 2013, Husband was ordered to pay Wife $1,000 per month in temporary alimony. In March 2014, Husband retired from his employment with the Hamilton County Sheriff's Department, where he had worked as a jailer. He began receiving social security retirement benefits, and the trial court entered a wage assignment order requiring that the previously ordered temporary alimony payment of $1,000 per month be withheld from Husband's social security check. According to the testimony at trial, the applicable social security regulations would only allow one-half of Husband's social security payment to be deducted through a wage assignment, so Wife was permitted to receive half of Husband's monthly check, with each party receiving $759 from each monthly social security payment. Husband paid the remaining $241 of the $1,000 alimony obligation by personal check.

The divorce trial was held on March 4, 2016. At the outset, the trial judge stated, "Somebody tell me what the remaining issues are." Wife's attorney stated that the remaining issues were permanent alimony, the division of outstanding marital *debts*, and the award of the marital home. Wife testified that she had been prequalified to refinance the marital home and asked that it be awarded to her. Wife testified that she was still living in the marital home with the parties' adult son and that she was unemployed other than working at a few "odd jobs." Husband conceded that Wife could have the marital home if she was able to refinance it. Both parties testified to owing a few debts such as medical bills and personal loans.

A great deal of the testimony pertained to the temporary alimony that was paid during the proceedings and whether Husband fulfilled all of his payment obligations. Regarding Husband's income, Wife testified that Husband received monthly (and annual) income from four sources – social security retirement income; part-time employment work; a TVA pension; and a pension from the Hamilton County Sheriff's Department. However, aside from mentioning these pensions and the amounts received by Husband as a component of his income, Wife presented no evidence regarding a valuation of these pensions, how they were structured, or the extent to which any of the benefits may have been derived from employment that occurred during the period of the marriage. Neither Wife nor her attorney ever asked the trial court to value or divide these pensions as marital property. In fact, at the conclusion of the testimony, the trial judge stated:

2

Now, let me get to the issue of division of marital property, the only property that I've heard of testified to are two cars, a house, and a fluctuating bank account.

Husband's attorney replied, "Yes, sir." Wife's attorney did not mention the pensions or even respond to the court's statement. The trial judge added, "I'm not accustomed to asking for proof, but in this case I think I need it to make a rational decision." Specifically, the trial judge directed Wife's attorney to provide the court with documentation regarding the specific refinancing conditions underlying Wife's prequalification so that the judge would know with certainty how its alimony award and property division would impact Wife's efforts at refinancing. The trial judge suggested that upon receipt of the information, he could inform the parties' attorneys of his decision in chambers. On March 31, 2016, the trial court entered a divorce decree awarding Wife a divorce but reserving all remaining matters for further determination and directing Wife to provide the information regarding her prequalification for refinancing.

Wife submitted a notice of filing with a letter from a bank regarding items that Wife would need to show in order to be considered for a mortgage. On June 27, 2016, the trial court entered a "Memorandum and Order" purportedly addressing the remaining issues previously taken under advisement in the divorce decree. Referencing the bank letter, the trial court found that Wife was preapproved for a loan pending receipt of a divorce decree awarding her the marital home, a quitclaim deed, an alimony obligation of $1,000 per month for six months, and evidence of a pension amount of at least $560 per month. The trial court added, "With respect to the latter, the evidence shows that [Wife] receives $749 per month in pension as a result of [Husband's] receipt of his social security benefits in the same amount, and that condition is satisfied." (Up until this time, Wife had been receiving $749 per month from Husband's social security retirement benefit through wage assignment for temporary alimony. Unfortunately, the trial court did not specify on what basis Wife would continue to receive the monthly payment or how long it would continue.) The only specific mention of "marital property" was the trial court's statement that "[t]he division of marital property will result in [Wife's] receipt of the marital home upon refinancing; if it is not refinanced, it will be listed for sale and the net proceeds divided equally." However, the trial court did not value the marital home or the equity in it.

Regarding alimony, the trial court noted that Husband had already paid to Wife $23,746.51 in temporary alimony and other support during the pendency of the three-year divorce proceeding. Considering Husband's concession of the marital home to Wife, the

3

court deemed it appropriate to order Husband to pay only six more months of rehabilitative alimony in the sum of $1,000 per month.

Within thirty days, Wife filed a motion to set aside the court's "Memorandum and Order." She noted that the order contained no ruling regarding marital assets or debts aside from the marital home and its mortgage. Wife argued that the trial court should have also addressed the parties' vehicles, the personal property in their possession, other marital debts, and Husband's pensions from TVA and the Hamilton County Sheriff's Department. Wife also noted that the $749 monthly "pension" that the order said she "receives" (in its discussion of refinancing) was actually temporary alimony subject to wage assignment. Wife argued that the Memorandum and Order did not constitute a final judgment. Husband filed a response, asserting that the Memorandum and Order represented an equitable distribution of the marital estate and a final judgment of the court. He argued that Wife failed to present sufficient proof at trial regarding the pensions and that she should not be permitted to present such evidence through post-trial motions. Wife filed a reply insisting that she had proven the value of the pensions by establishing the amounts Husband received from them in monthly income. She also attached to her reply information related to the pensions. Husband filed another response objecting to Wife's attempt to supplement the record with additional proof not presented at trial. Simply put, he claimed that Wife "missed her bite at the apple."

The trial court held an additional hearing on October 21, 2016, but no proof was presented. Husband maintained that the trial court did not and could not divide the pensions due to the lack of proof presented by Wife at trial. He argued that it was Wife's burden to present some type of valuation evidence to support a division of the pensions if she was seeking such a division. Wife insisted that she sufficiently established the value of the pensions by proving the amount Husband receives as monthly income. She also referenced additional information she had recently obtained about the nature of Husband's pensions. Based on the representations by Wife's counsel about the nature of the pensions, the trial judge stated that "[t]here is nothing to divide as a marital asset" because the particular type of pensions at issue had no corpus to value. As such, the trial judge explained that he only considered Husband's pension income as an income stream for the purposes of setting alimony. As for the social security income, the trial judge stated that he "didn't have to deal with" Wife's portion of the social security payment because it "was her dependency income from his social security" and "she gets that automatically."

Despite their disagreement regarding the pensions, Husband's counsel agreed with Wife's counsel that the Memorandum and Order failed to mention the parties' vehicles.

4

On February 10, 2017, the trial court entered a final order resolving Wife's motion to set aside. The trial court expressly awarded each party his or her vehicle and its related indebtedness. It found that "there are no marital debts other than those identified herein requiring a designated payor." With regard to the letter about refinancing, the court again stated that "[Wife] received $749 in social security benefits from [Husband], thus satisfying [the bank's] last condition." Again, however, the trial court failed to clarify on what legal basis Wife would receive such benefits. Its order stated, "this division of marital property will result in [Wife's] receipt of the marital home upon refinancing, previous receipt of $24,629.35 in alimony, social security benefits, all of which satisfy [the bank's] loan letter." As for the pensions, the order states,

> After additional motions, and holding open proof for an additional one (1) week period, with no additional proof or documentation qualified for entry pursuant to the Tennessee Rules of Evidence as to the value of any additional pensions or retirement funds, the Court is unable to make any additional findings of awards or distribution.

Wife timely filed a notice of appeal.[1]

## II. ISSUES PRESENTED

Wife lists the following issues for review on appeal:

1. Whether the trial court erred in failing to fully enumerate and define the parties' rights with regard to the classification and division of marital property?

2. Whether the trial court erred in failing to set aside its Memorandum and Order entered on June 27, 2016.

---

[1]The trial court's order on the motion to set aside references a two-day trial beginning on December 16, 2015, and ending on March 4, 2016. However, the original divorce decree and the Memorandum and Order only referenced proceedings from March 4, 2016. Likewise, the only trial transcript in the record before us is from March 4, 2016. On appeal, Wife only cites testimony from March 4 and claims that she proved the value of Husband's pensions by establishing the monthly sum he received. Due to our ultimate conclusion that a remand is necessary, this apparent conflict about a second day of trial does not impact the resolution of this appeal. However, nothing in this opinion should be construed as limiting consideration of proof presented at a December 16, 2015 hearing if one did in fact occur as part of a two-day trial.

Within the argument section of Wife's brief, she lists somewhat different issues:

1. The Court's failure to adequately characterize marital debts and assets as separate or marital property.

2. The Court's failure to equitably divide Husband's marital debts and assets including vested pension benefits that accrued during the marriage through employment.

For the following reasons, we vacate the trial court's order as it pertains to marital property division and remand for further proceedings.

## III. DISCUSSION

Property classification issues are issues of fact. *Luplow v. Luplow*, 450 S.W.3d 105, 109 (Tenn. Ct. App. 2014). "Once property has been classified as marital property, the court should place a reasonable value on property that is subject to division." *Id.* (citing *Edmisten v. Edmisten*, No. M2001-00081-COA-R3-CV, 2003 WL 21077990, at *11 (Tenn. Ct. App. May 13, 2003)). After this valuation, the trial court is to divide the marital property in an equitable manner considering the statutory factors listed in Tennessee Code Annotated section 36-4-121(c). *Id.* at 109-110. "The equitable division of marital property is a fact-intensive inquiry involving the careful weighing of the relevant statutory factors." *Brainerd v. Brainerd*, No. M2015-00362-COA-R3-CV, 2016 WL 6996365, at *5 (Tenn. Ct. App. Nov. 30, 2016) (*no perm. app. filed*). The trial court has broad discretion in fashioning an equitable distribution of marital property, and an appellate court will defer to the trial court's distribution unless it is inconsistent with the statutory factors or lacks proper evidentiary support. *Baggett v. Baggett*, 422 S.W.3d 537, 543 (Tenn. Ct. App. 2013).

On appeal, Wife argues that the trial court's orders were ambiguous, confusing, and incomplete. She claims that the trial court committed reversible error by failing to classify, value, or divide Husband's pension benefits, as they had "a known value." Curiously, Husband's brief on appeal insists that "the Circuit Court held that [Wife] would receive one-half (1/2) of [Husband's] pension from TVA and one-half (1/2) of [his] pension from [the sheriff's department]." At oral argument, however, Wife's counsel insisted that Wife did not receive one-half of any pension benefit and that she

6

only received a six-month alimony award to be garnished from Husband's social security benefit.

From our review of the record, the trial court's orders clearly awarded Wife the marital home and each party his or her own vehicle, and the orders appear to assign each party the debts in his or her name. Beyond that, however, the trial court failed to make clear findings to support or explain its marital property distribution. The trial court's final order simply stated that Wife "received $749 in social security benefits" without clarifying the dispute as to whether such benefits would be received as marital property or alimony. Although the trial judge orally stated at the hearing that he was not required to divide this benefit because Wife would receive it automatically, he made no finding to that effect in his written order, and the record before us contains no proof regarding this issue. A trial court "speaks through its order, not through the transcript." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001). As for the two pensions, the trial court only specifically mentioned them in the final order on the motion to set aside, which states, "with no additional proof or documentation qualified for entry pursuant to the Tennessee Rules of Evidence as to the value of any additional pensions or retirement funds, the Court is unable to make any additional findings of awards or distribution." This finding is ambiguous. It could be construed to mean that Wife failed to present sufficient evidence at trial regarding the pensions. Or, this finding could be construed to mean that the trial judge declined to value or divide the pensions based on the nature of the pension plans, as the trial judge stated during the last hearing. Aside from these ambiguities and gaps in the trial court's reasoning, none of the orders reference the statutory factors for consideration when dividing marital property or include factual findings that would substantively align with such factors. Furthermore, the trial court failed to place a value on *any* of the marital property or marital debt.

"In bench trials, trial courts must make findings of fact and conclusions of law to support their rulings." *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012). Tennessee Rule of Civil Procedure 52.01 states, in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

"Simply stating the trial court's decision, without more, does not fulfill this mandate." *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012).

"[T]he General Assembly's decision to require findings of fact and conclusions of law is 'not a mere technicality.'" *Hardin*, 2012 WL 6727533, at *3 (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009)). Such findings and conclusions "facilitate appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision." *Lovlace v. Copley*, 418 S.W.3d 1, 34 (Tenn. 2013). In the absence of sufficient findings and conclusions, "'this court is left to wonder on what basis the court reached its ultimate decision.'" *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004)).

> There is no bright-line test by which to assess the sufficiency of factual findings, but "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue."

*Lovlace*, 418 S.W.3d at 35 (quoting 9C *Federal Practice & Procedure* § 2579, at 328).

Unfortunately, in this case, we cannot determine whether the trial court applied an incorrect legal standard or relied on reasoning that caused an injustice because we do not know what legal standard the court applied or what reasoning it employed. *See Halliday v. Halliday*, No. M2011-01892-COA-R3-CV, 2012 WL 7170479, at *12 (Tenn. Ct. App. Dec. 6, 2012), *perm. app. denied* (Tenn. Apr. 11, 2013) (explaining that "this Court cannot determine whether the trial court abused its discretion" in the absence of factual findings by the trial court). This Court and the parties were "left to wonder" about the basis of the trial court's decision, *In re K.H.*, 2009 WL 1362314, at *8, and consequently, we are unable to conduct meaningful appellate review. *In re Estate of Bostic*, No. E2016-00553-COA-R3-CV, 2016 WL 7105213, at *5 (Tenn. Ct. App. Dec. 6, 2016) (*no perm. app. filed*). "One remedy appellate courts typically apply when a trial court's factual findings fail to satisfy the Rule 52.01 requirement is to remand the case to the trial court with directions to issue sufficient findings and conclusions." *Lovlace*, 418 S.W.3d at 36. We deem that remedy appropriate here. Even if the trial court's findings regarding the retirement benefits were clarified, we still could not determine whether the distribution of the marital estate was equitable due to the lack of any findings to review regarding the valuation of the assets and debts or the statutory factors. We accordingly vacate the trial court's orders as they pertain to marital property issues and remand for entry of an order that contains sufficient findings of fact and conclusions of law. *See, e.g., Brainerd*, 2016 WL 6996365, at *5 (remanding for sufficient findings to explain and support the trial court's division of the marital estate in compliance with Rule 52.01); *Kirby v. Kirby*, No. M2015-01408-COA-R3-CV, 2016 WL 4045035, at *6-7 (Tenn. Ct. App. July 25, 2016) (*no perm. app. filed*) (remanding due to the lack of findings valuing marital assets and

debts or the statutory factors for equitably dividing the marital estate); *Irvin v. Irvin*, No. M2010-01962-COA-R3-CV, 2011 WL 2436507, at *1 (Tenn. Ct. App. June 15, 2011) (remanding for findings compliant with Rule 52.01 where the order was ambiguous and failed to value the marital property).

Additionally, as we have said before, "We would be remiss if we did not also address the shortcomings in the parties' briefs with regard to Rule 7 of the Rules of the Court of Appeals of Tennessee." *Kirby*, 2016 WL 4045035, at *7. Although the issues in this appeal involved classification, valuation, and division of marital property, neither party included in the briefs the table required by Rule 7 of the Rules of the Court of Appeals, which provides:

> (a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

> (b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

> (c) If counsel disagrees with any entry in the opposing counsel's table, counsel must include in his or her brief, or in a reply brief if the issue was raised by opposing counsel after counsel filed his or her initial brief, a similar table containing counsel's version of the facts.

This Court has repeatedly held that failure to comply with the requirements of Rule 7 waives issues relating to the division of property in a divorce case. *See, e.g., Pack v. Rothchild*, No. E2016-00873-COA-R3-CV, 2017 WL 3106885, at *7 (Tenn. Ct. App. July 21, 2017) (*no perm. app. filed*); *Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 WL 6640294, at *4-5 (Tenn. Ct. App. Nov. 25, 2014); *Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011); *Townsend v. Townsend*, No. W2004-02034-COA-R3-CV, 2005 WL 3416310, at *6 (Tenn. Ct. App. Dec. 14, 2005); *Durant v. Durant*, No. M2001-00691-COA-R3-CV, 2002 WL 772923, at *3 (Tenn. Ct. App. Apr. 30, 2002). It is "well settled" that where an appellant fails to comply with Rule 7, he or

she waives all issues relating to the rule's requirements. *Rountree v. Rountree*, 369 S.W.3d 122, 133 n.7 (Tenn. Ct. App. 2012). Moreover, a "trial court's failure to assign values to all items of property 'does not prohibit [the parties] from providing this Court with the value [they] contend[ ] ought to be assigned and a citation to the record to support such an assertion.'" *Kirby*, 2016 WL 4045035, at *7 (quoting *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688 at *8 (Tenn. Ct. App. June 30, 2010)).

This Court may "suspend the requirements of Rule 7 for 'good cause.'" *Hopwood v. Hopwood*, No. M2015-01010-COA-R3-CV, 2016 WL 3537467, at *7 (Tenn. Ct. App. June 23, 2016) (quoting Tenn. R. Ct. App. 1(b)). Given the unique circumstances of this case, we have elected to remand for sufficient findings pursuant to Rule 52.01 rather than deeming the marital property issues waived for failure to comply with Rule 7. However, we may not elect to proceed in this manner in all cases. "Our holding on this issue should not be construed as setting forth a general rule that a party may be routinely excused from including a Rule 7 table." *Green v. Green*, No. M2011-00840-COA-R3-CV, 2012 WL 2389607, at *3 (Tenn. Ct. App. June 25, 2012). "'While in this case we chose to proceed with our review despite the fact that the parties chose not to abide by the rules of this Court, we cannot say we will be so accommodating and choose to do the same in the future.'" *Id.* at n.4 (quoting *Wells v. Wells*, W2009-01600-COA-R3-CV, 2010 WL 891885, at *4 (Tenn. Ct. App. Mar. 15, 2010)).

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby vacated in part and remanded for entry of an order that complies with Rule 52.01. Any remaining issues are pretermitted. Costs of this appeal are taxed equally to the appellant, Tressie Smith, and her surety, and to the appellee, Michael Lee Smith, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE